IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 3:01CR727

    Plaintiff

v.  ORDER

Marcitta Sherrell,

    Defendant

This is a criminal case in which the defendant has filed a motion for permanent sealing of the record of her conviction. She was convicted in this court in 2001 of misappropriation of credit union funds.

Although there is no federal statute providing for expungement of a conviction, "it is within the inherent equitable powers of a federal court to order the expungement of criminal records in appropriate cases." *U.S. v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977). Exercise of the authority to expunge a criminal record hinges on a balancing of "the government's need to maintain extensive records to aid in effective law enforcement against the harm to the individual of maintaining these records." *U.S. v. Bagley*, 899 F.2d 707, 708 (8th Cir. 1990).

The expungement power is narrow and generally reserved for extreme circumstances. *See, e.g., U.S. v. Smith*, 940 F.2d 395, 396 (9th Cir.1991). Among these are cases involving "illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." *U.S. v. Robinson*, 79 F.3d 1149, 1996 WL 107129 at *2 (6th Cir. March 6, 1996) (unpublished opinion) (attached). Courts have, moreover, uniformly denied expunction requests regarding valid convictions *Id.*

The defendant brings her application under O.R.C. § 2953.32(A)(1). This provision has no application to a federal conviction; if it did, it would contravene the Supremacy Clause of the federal Constitution. *See, e.g., Schwab v. Gallas*, 724 F. Supp. 509 (N.D. Ohio 1989) (if deemed applicable, "the state statute would conflict with the express statutory duty of federal officials, under 28 U.S.C. § 534(a)(1) 'to acquire, collect, classify, and preserve' criminal records. Thus, it would violate the Supremacy Clause.").

In light of the foregoing, the relief the defendant seeks – being sought expressly under Ohio law – cannot be granted to her.

It is, therefore,

ORDERED THAT the defendant's application to seal her criminal record pursuant to O.R.C. § 2953.32 be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge